IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-60070-V-11 |
| | § | |
| ROYWELL SERVICES, INC. | § | (Chapter 11) |
| | § | |
| Debtor | § | David R. Jones |

## DEBTOR'S EXPEDITED MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 30, 2016 AT 12:15. P.M. IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 312 S. MAIN, VICTORIA, TX 77901.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 23 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE**

TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW, ROYWELL SERVICES INC., the debtor-in-possession herein (the "**Debtor**"), and files this Expedited Motion to Convert Case from Chapter 11 to Chapter 7, and in support thereof respectfully states as follows:

1

**JURISDICTION, VENUE & STATUTORY PREDICATE**

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding 28 U.S.C. § 157(b)(2) upon which this Court has the Constitutional authority to enter final order. The statutory predicates for this Motion are 11 U.S.C. §§ 105 and 1112(a) of the Bankruptcy Code

**BRIEF PROCEDURAL BACKGROUND**

3. On June 6, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On the Petition Date, the Debtor also filed various motions including its motion to sell substantially all of its assets to Roywell LLC ("**RLLC**") and to assume and assign certain executory contracts.

5. On July 1, 2016, the Court approved the Debtor's proposed sale to RLLC. At that point RLLC began transitioning the business operations of the Debtor to itself. The Debtor closed on the sale of its assets to RLLC effective as of July 17, 2016 (the "**Closing Date**"), and ceased its business operations. To the extent they were employed by RLLC after the Closing Date, Debtor's employees have been transitioned over to the new business and operations of RLLC.

**STATUS OF DEBTOR'S BANKRUPTCY ESTATE**

6. Since the Petition Date, the Debtor has timely filed its Monthly Operating Reports and paid quarterly fees due to the United States Trustee. The Debtor has paid or will pay the fees of its professionals pursuant to the terms of its carve-out agreement with Roywell LLC. During

the post-petition period prior to the Closing Date, the Debtor continued to operate in the ordinary course of business pursuant to the 90-day DIP budget as proposed by the Debtor in its Motion for Authority to Use Cash Collateral and to Incur Post-petition Indebtedness and as approved by the Court (Doc. No. 5)

7. Currently, the only remaining assets of the Debtor are $250,000.00 in cash, which was contributed by RLLC as part of its purchase price for Debtor's assets and escrowed with Debtor's counsel, approximately $3,200 in funds deposited in Debtor's Flexible Spending Account (the "**FSA**") held for the benefit of Debtor's employees[1], and any potential avoidance actions currently controlled by the Debtor. A chapter 7 trustee is needed to administer these assets and to prosecute any avoidance claims held by the Debtor.

8. The Debtor also self-funded its employees' medical plan and holds approximately $75,000 in bank deposits with Capital One Bank that are attributable to employee and employer health care contributions into the medical plan. These funds, which have been segregated and maintained in a separate bank account, will be used to pay employees' pre-petition medical claims on a pro-rata basis; and these monies will not be turned over to the Chapter 7 Trustee. In its recently filed Expedited Motion for Entry of an Order Setting Bar Date for Filing Claims against Health Care Accounts, the Debtor has requested authority to allow its plan administrator, Baker Benefits Administrators Inc. ("**Baker Benefits**"), to complete the review and distribution of payments on the employees' pre-petition medical claims on a pro rata basis. (Doc. No.76) Baker Benefits' fees for completing administration of employees' pre-petition medical claims will be paid by RLLC through October 2016.

---

[1] The FSA was funded pre-petition by bi-weekly payroll deductions from employees' salaries. As of the Petition Date, some employees had overdrawn on their FSA contributions and owed additional deposits on their account and some employees had only partially withdrawn their FSA contributions and were due refunds on their account.

9. The Debtor's 401(k) Plan, which is administered by BPAS, will be terminated; and Debtor's former employees will be allowed to withdraw or roll-over their 401(k) Plan contributions.

### RELIEF REQUESTED

10. Section 1112(a) of the Bankruptcy Code provides that the Debtor may convert its case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code unless –

   (a) the Debtor is not a debtor in possession;

   (b) the case originally was commenced as an involuntary case under this chapter; or

   (c) the case was converted to a case under Chapter 11 other than on the Debtor's request. U.S.C. § 1112(a).

11. Although the Debtor ceased business operations effective July 17, 2016, it has remained a debtor in possession at all times since the Petition Date. Moreover, the Debtor's case was commenced voluntarily on the Petition Date; and the Debtor itself is requesting conversion of its case. Debtor is, therefore, qualified to request conversion of its case to Chapter 7.

12. Under the foregoing circumstances, it is in the best interests of the Debtor and its creditors to convert this chapter 11 case to a case under chapter 7 of the Bankruptcy Code and to appoint a chapter 7 trustee to administer Debtor's remaining assets.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief requested and enter an order converting the Debtor's case from chapter 11 to chapter 7, and grant such other and further relief as is just.

Respectfully submitted,

*/s/ Theresa Mobley*
THERESA MOBLEY
State Bar No. 14238600
VIANEY GARZA
State Bar No. 24083057

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone: (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR ROYWELL SERVICES, INC.
DEBTOR-IN-POSSESSION

### CERTIFICATE OF SERVICE

I certify that on or before August 23, 2016, a true and correct copy of the foregoing Motion was served on the persons identified on the attached service list by the Court's BK/ECF system or United States mail, postage prepaid.

*/s/ Theresa Mobley*
THERESA MOBLEY